EARLY W. THRASHER, executor, plaintiff in error, *vs.* JAMES C. ANDERSON *et al.*, defendants in error.

Where a testator stated in his will that he held certain notes on a legatee which he was to pay into his estate, and after the death of said testator, the legatee, who had become executor of said will, produced a receipt for a large sum of money signed by the testator, stating that the amount therein mentioned was to be credited on the notes held by him, it was error for the court, on the trial of a bill for account filed against said executor by the other legatees, to charge the jury that if they should find the notes extinguished by the receipt, that the said executor should account for the same as an advancement. The question was whether said notes were extinguished during the life of the testator? If they were not, they could pass under the will; otherwise, they could not. The question of advancement was not involved.

Administrators and executors. Wills. Legacies. Advancements. Before Judge BARTLETT. Morgan Superior Court. March Adjourned Term, 1873.

For the facts of this case, see the decision.

THRASHER & THRASHER; BILLUPS & BROBSTON; R. H. CLARK, for plaintiff in error.

REESE & REESE, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants as legatees against the defendant, as executor of the last will and testament of Barton Thrasher, deceased, to recover their respective legacies alleged to be due them under said will, which contained the following provisions:

"*Item 2d.* I have this day given, by deed of gift, to my son, Early W. Thrasher, fourteen hundred and three-quarter acres of land, which I consider worth $7,179 00, for which amount he is to be charged and account in the final division of my estate. I also hold against him a promissory note for $25,300 00, dated 15th September, 1864, being the renewal of a note I held against him before the war, and which note, so far as not paid during my life, he must pay into my estate after my death, so as to be accounted in the final division of my estate hereinafter provided for, and any note I may hold at my death against any of my legatees, bearing date at any time after the date' of this will, or any receipt·from any of them for any advancement out of my estate, bearing date as last aforesaid, is to be accounted against such legatee in the said final settlement of my estate. No other receipts or notes that may be found among my papers against any of my legatees, excepting the note on Early W. Thrasher, above named, to be taken into the account in said final division.

"*Item 3d.* I have given this day, by deed of gift, to my grand-daughter, Josephine V. Thrasher, eight hundred and thirty and one-half acres of land, which I consider worth $3,322 00, for which amount she must account in the final division of my estate.

"*Item 4th.* I have this day given to Early W. Thrasher, in trust, for the use and benefit of the children of my deceased daughter, Ascineth C. Overby, two thousand two hundred and fifty-six acres of land, which I consider worth $13,536 00, with which amount the children of said deceased daughter must be charged and account for in the final division of my estate.

"*Item 5th.* I have this day, by deed of gift, given to the children of my deceased daughter, Susan C. Anderson, viz: to Lewis G. Anderson, the father and trustee, for their use and benefit, five hundred and ninety-five acres of land, which I consider worth $2,975 00, with which amount the said children of my deceased daughter, Susan C. Anderson, must be charged and account for in the final settlement of my estate.

"*Item 6th.* I have, by deed of gift, dated this day, and by one dated heretofore, given to my son, John O. Thrasher, one thousand three hundred and nineteen acres of land, which I consider worth $6,595 00. I have also heretofore given him, in money, $5,147 00, which two amounts he is to be charged with and account for in the final division of my estate.

"*Item 7th.* I appropriate $2,000 00 for the board, clothing and education of my grand-daughter, Ascineth C. Overby, and whatever of that amount is not expended on her for said purposes, during my life, I give and bequeath to her after my death. Said sum, nor any part, to be charged to her or her brothers and sisters in the final division of my estate, the others having received like advantages.

"*Item 8th.* After the payment of the $2,000 00 provided for in the last foregoing item of this will, and the payment of my just debts, I will and direct that the whole of the balance of my estate of every description be divided among my children and grand-children before mentioned, taking into account the amounts I have given them and their trustees respectively, as heretofore set forth. That is to say, make my son, Early W. Thrasher, and my son, John O. Thrasher, the children of my deceased daughter, Susan C. Anderson, representing one share, and my grand-daughter, Josephine V.

Thrasher *vs.* Anderson *et al.*

Thrasher, all equal with the amount which I have given to the children of my deceased daughter, Ascineth C. Overby, and then divide the balance of my estate equally among them, the grand children, when more than one, in a lot, viz: the children of my deceased daughter, Ascineth C. Overby, and the children of my deceased daughter, Susan C. Anderson, to be entitled in such division to the same amount as one of my children, and my grand-daughter, Josephine V. Thrasher, being the only living child of her father, is to share in the division as one of my children. It being my will and direction that my children and grand-children, each set of my grand-children claiming one share, also, Josephine V. Thrasher, as above set forth, be made equal sharers in my estate from first to last, and for the purpose of making said final division, I authorize my executors hereinafter named, to sell any or all of my property, either at public or private sale, as they may deem best, if in their judgment such division cannot be properly made without selling."

The will was executed October 14th, 1865.

. The defendant, in his answer, alleged that the testator, after the making of his will, in view of the fact that the greater amount of the notes executed by him to the testator, including the note mentioned in the second item of his will, was for negroes, and that the testator had not charged the value of negroes against the other legatees, did, on the 18th day of April, 1867, execute and deliver to him the following receipt:

"Received of Early W. Thrasher twenty-seven thousand five hundred dollars, which is to be credited on three notes I hold on him, to be credited on the 4th of October, 1865.

(Signed)                    "BARTON THRASHER."

One of the three notes mentioned in the receipt was dated prior to the execution of the testator's will; one for $7,700 00 was dated 20th July, 1866, and the other for $25,300 00 was dated 15th September, 1864.

On the trial of the case there was much evidence as to the execution of the receipt by the testator, the manner of its pro-

curement, etc. The jury, under the charge of the court, found the following verdict: "We, the jury, find for plaintiffs the notes against defendant as advancement from Barton Thrasher, subject to equal division of said estate." A motion was made by the defendant for a new trial on the several grounds stated therein, and especially on the ground of error in the charge of the court to the jury. The motion for a new trial was overruled, and the defendant excepted. The court charged the jury, amongst other things, as follows :

"The construction of a written instrument, or a will, is a question of law to be determined by the court. Looking to the entire will of the late Barton Thrasher, the intention of the testator, if that intention can be ascertained, should govern, and it is the duty of courts and juries, when that intention is ascertained, to carry into effect that intention. The leading scheme or intention of this testator is equality among his descendants, as derived from his will.

"By the second item of the last will and testament of Barton Thrasher, deceased, after declaring that he had by deed conveyed to E. W. Thrasher, defendant, certain lands at a certain valuation fixed by him, and which he declared was an advancement, and to be accounted for by him, and declaring that he had a note for $25,300 00 against him, which he was to pay after his death, he further states that 'any note I may hold at my death against any of my legatees, bearing date at any time after the date of this will, or any receipt from any of them for any advancements out of my estate bearing date as last aforesaid, is to be counted against such legatee in the final division of my estate.' The court charges you, gentlemen of the jury, if you should conclude from the evidence that this receipt was executed by Barton Thrasher, deceased, in its present form, and for the amount of money expressed therein, to be applied as a credit on the notes held by said testator against said E. W. Thrasher, mentioned in his will, and said receipt was executed by Barton Thrasher to said E. W. Thrasher without the payment of any money by said E. W. Thrasher, and you should find the notes extinguished by

said receipt, then the court charges you, that under said will, this is an advancement to said E. W. Thrasher by said Barton Thrasher, and said E. W. Thrasher should account for the same, as an advancement, to said estate, in the final division of said estate, and you should so decree."

The main question made on the trial of the case was whether the note of Early W. Thrasher for $25,300 00, mentioned in the second item of the testator's will, was the property of the testator at the time of his death, and passed under the will to his legatees named therein, or whether the same was extinguished by the testator in his lifetime. If that debt was extinguished by the testator in his lifetime by the giving of the receipt to the defendant, then it constituted no part of the assets of his estate, and did not pass to his legatees, under the will, at the time of his death. The will of the testator did not take effect until his death, and the legatees under it took only such property as he had at the time of his death. There can be no doubt that it was the intention of the testator, as manifested by his will, that the legatees specified therein, to-wit: his children, and the representatives of his deceased children, should receive equal shares of his estate at his death, each one to be charged with the specific property he had received as directed by the will—not according to the general law of advancements when there is no will, but in the manner as specified in the will. The testator regulated that matter himself by his will, and did not leave it to be regulated by the general law applicable to advancements as in cases of intestacy, the object and intention of the testator being to make an equal division of such property as he might have at the time of his death amongst the legatees specified in his will, and in the manner therein specified.

The question arises, how much property did the testator have to be disposed of under his will at the time of his death, and of what did it consist? Was the $25,300 00 note of Early W. Thrasher a part of the testator's estate at the time of his death? If it was a part of his estate at that time, then it passed to his legatees under the will; but if it was not

a part of the testator's estate at the time of his death, the defendant was not bound to account for it to the legatees as a part of their respective legacies, or as an advancement, for if that specific debt due the testator became extinct during his life, and by his own act, it would be extremely difficult to perceive how an *extinct* debt could be considered as an advancement in payment of a legacy under this will. That the testator, when he executed his will in October, 1865, held and recognized the note due to him by his son, Early W. Thrasher, as a part of his estate which was to pass to his legatees under his will, is quite clear from the terms of it. But that specific debt due to him was his own property, he had dominion and control of it during his lifetime, and had the undoubted right to have burnt it or to have canceled it in any other manner; in other words, to have extinguished it; and when it became extinct by the act of the testator, it constituted no part of his estate to be accounted for under his will as an advancement or otherwise. Did the testator, in his lifetime, extinguish that debt due to him by the giving of the receipt of the 18th of April, 1867, set forth in the record? If the testator did execute that receipt in his lifetime, its legal effect was to extinguish the debt due by Early W. Thrasher to the testator, specified in the second item of the testator's will. It was in the nature of an ademption of that specific debt by the testator in his lifetime, a destruction of it, and there was no such debt in existence due the testator at the time of his death which could have passed under his will; there was no such debt due to the testator at the time of his death on which his will could operate. In the view which we have taken of this case, as presented by the record before us, it necessarily follows that the charge of the court to the jury was error. The effect of that charge was to exclude from the consideration of the jury the legal effect of the extinction of the note by the testator in his lifetime, and to make the defendant liable for the amount of the same if the note was extinguished, as an advancement; whereas, by the express terms of the testator's will, any note or receipt held by him,

of any one of his legatees, bearing date at any time after the date of his will, for any advances made out of his estate, should be counted against such legatee on final settlement of his estate, and no others. It is not pretended that the testator took from Early W. Thrasher any receipt or other showing that the extinguished note was to be an advancement to him of that debt, as provided in his will. The fact that no receipt or other showing was taken by the testator from Early W. when he extinguished the note against him, is strong presumptive evidence that it was not intended as an advancement under the provisions of his will. An advancement is any provision by a parent made to and *accepted* by a child out of his estate, either in money or property, during his lifetime, over and above the obligation of the parent for maintenance and education. Donations from affection, and not made with a view of settlement, nor *intended* as advancements, shall not accounted for as such : Code, section 2579.

There is nothing in the record before us which goes to show that the testator, when he extinguished the specific debt due to him by his son, Early W., intended it as a provision for him out of his estate, either under his will or otherwise, or that it was *accepted* as such by Early W., but on the contrary, as no receipt or other showing was taken by the testator from Early W., the presumption is that he was not to account for it as an advancement under the provisions of the testator's will. If the testator executed the receipt as set forth in the record, then the note for $25,300 00 was extinguished by it, and it did not pass to the legatees under the testator's will. If the note for $25,300 00 was not extinguished by the testator's receipt, as set forth in the record, then the note was a part of the testator's estate at the time of his death, and passed to his legatees under his will, and the question of advancement had nothing to do with it, for the simple reason that an *extinct* debt could not be counted as an advancement under the provisions of the testator's will, there being no evidence by receipt or otherwise, that the specific debt was extinguished for that purpose, or with that intention, and so *accepted* by the legatee,

and this applies as well to the note for $7,700 00, dated 20th July, 1866, as to the note for $25,300 00, dated 15th September, 1864, the other note mentioned in the receipt bearing date prior to the execution of the testator's will.

Let the judgment of the court below be reversed.